# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.                                           Case No.: 2:13-CR-119
                                               JUDGE SMITH

**JOSE R. PEREZ,**

                                              *Date of Original Judgment:*
      **Defendant.**                      *February 27, 2014*

## ORDER

This matter is before the Court on the Defendant's Motion to Reduce Sentence, pursuant to 18 U.S.C. §3582(c)(2), in an "Agreed Disposition Case." (Doc. 56).  Defendant also filed a *pro se* motion for appointment of counsel.  (Doc. 54).  This motion is hereby moot because the Federal Public Defender has been assigned to represent Defendant in this matter.

Defendant was originally sentenced on February 19, 2014 to 45 months imprisonment on Count 1, conspiracy to possess with intent to distribute 1,000 grams or more of heroin; and 60 months on Count 2 to run consecutive to Count 1, for possession of a firearm in furtherance of a drug trafficking crime.  Defendant's sentencing range was 108 months to 135 months based on a total offense level of 31 and a criminal history I.

On November 1, 2014, the United States Sentencing Commission promulgated Guideline Amendment 782, which reduced by two levels the offense levels assigned to the drug quantities set forth in §2D1.1 of the United States Sentencing Guidelines, as well as parallel changes for the listed chemicals found in §2D1.11.  Defendants who are currently imprisoned for these drug offenses are eligible for retroactive application of the guidelines as long as they meet certain eligibility criteria.

Counsel for the government, defense counsel, and representatives of the United States Probation Department have met and are in agreement that Defendant meets the Sentencing Commission's eligibility requirements for the retroactive application of Amendment 782 to his case.  After considering the original guideline range, the extent of any downward departure, the circumstances of Defendant's case, and his behavior while incarcerated, the parties jointly recommend a reduction of Defendant's sentence from 45 months to 37 months.

Whether to grant a reduction of sentence pursuant to §3582(c)(2) is within the discretion of the court.  *United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997).  In considering whether a reduced sentence is appropriate, this court must consider the factors in 18 U.S.C. §3553(a) to the extent that they are applicable.  *See* §3582(c)(2).

Upon consideration of Defendant's motion, the statutory sentencing factors set forth in §3553(a), and the joint recommendation of the parties, the Court concludes that Defendant's offense level should be reduced from a 31 to a 29, which yields a new advisory guideline range of 87 to 108 months.  Therefore, a reduction of Defendant's term of incarceration is appropriate in light of the reduction in the applicable guideline range.  The sentence of 45 months incarceration previously imposed in this case on Count 1 is hereby reduced to a term of incarceration of 37 months.  The 60 months consecutive sentence imposed on Count 2 does not change.  Under Amendment 782, Defendant's release date shall be no earlier than November 1, 2015.  Except as provided above, all other provisions of the judgment previously entered in this case shall remain in effect.

The Clerk shall remove Documents 54 and 56 from the Court's pending motion's list.

**IT IS SO ORDERED.**

　　/s/ George C. Smith
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**

*Order Date:    April 16, 2015*
*Effective Date: November 1, 2015*